

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 4, 2022

**BY ECF**
The Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

>    Re:    *United States v. Dennis*, 20 Cr. 623 (LGS)

Dear Judge Schofield:

    The Government respectfully submits this letter in opposition to defendant Willie Dennis's second request to modify the conditions of his pretrial release. (Dkt. No. 34.)  The defendant is again seeking to have his location monitoring and home detention bail conditions removed. Pretrial Services in the Southern District of New York joins in the Government's opposition.  The defendant's request should be denied because, as this Court previously found, the current conditions are the least restrictive conditions that will reasonably assure the defendant's appearance in this case and the safety of others and of the community.

    The Court is familiar with the facts of this case.  In January 2022, the Court denied the defendant's first request to have his home detention and location monitoring bail conditions removed.  The defendant now seeks the same exact relief.  But nothing has changed since January that warrants a reversal of the Court's January order.  The defendant argues that location monitoring and home detention are no longer appropriate because he has been compliant with those bail conditions since they were initially imposed in November 2021.  The defendant, however, is required to comply with all of his bail conditions.  It cannot be the case that a bail condition becomes unwarranted simply because a defendant complied with that condition for some period of time.  Indeed, the instant bail modification request must be denied for the very same reasons that the Court denied the defendant's initial request.  In denying the initial request, the Court rejected the defendant's argument that the defendant's compliance with his release conditions warranted removal of his location monitoring and home detention conditions. Specifically, the Court stated:

>    This evidence [that the defendant has complied with his release conditions] is new in that it could not have been presented when those conditions were imposed but the evidence is not unexpected -- when the conditions were set, they were set with the expectation that Defendant would comply.  Nothing in Defendant's letters changes the analysis of the

factors enumerated in 18 U.S.C. § 3142(g), which guide review of an application to modify a defendant's bail conditions.  So there is no basis for a modification or hearing.

(Dkt. No. 27 at 11.)  There is no basis for revisiting that ruling.[1]  The defendant's current pretrial release conditions remain the least restrictive conditions to assure the defendant's appearance in this case and the safety of the victims in this case.

It is worth noting that, based on discussions with the defendant's Pretrial Services Officer in Florida, it is the Government's understanding that Pretrial has more than accommodated the defendant's needs.  The defendant has been able to seek and receive any medical treatment he needs for his back and leg pains, or for any other reason.  He has been able to care for his elderly parents, and Pretrial Services has represented that it would approve any requests for the defendant to accompany his parents to medical appointments that they may have.  Moreover, the defendant requested, and received approval from Pretrial, to go to the gym on a regular basis.  Pretrial has set a gym schedule for the defendant, which allows him to work out regularly.  The defendant also requested, and Pretrial approved, a shopping schedule.

For the foregoing reasons, the defendant's request for a modification of the most significant conditions of his pretrial release should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Sarah L. Kushner
Assistant United States Attorney
(212) 637-2676

cc:    Neil Kelly, Esq. (by ECF)
       Jennifer Brown, Esq. (by ECF)
       Josh Rothman, Pretrial Services Officer (by Email)

---

[1] The defendant argues that if he wanted to flee, he would have done so on flights he has recently taken between New York and Florida.  (Dkt. No. 34 at 5.)  But to the extent he had any inclination to flee, the defendant presumably would have taken into account the fact that he is on location monitoring.