

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 19, 2022

**BY ECF AND EMAIL**
The Honorable Lorna G. Schofield
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *United States v. Willie Dennis*, 20 Cr. 623 (LGS)

Dear Judge Schofield:

    As directed by the Court, the Government respectfully submits this letter in opposition to defendant Willie Dennis's application for the return of his cellphone, assigned a telephone number ending in ▇▇▇ (the "Cellphone"). The Cellphone was seized from the defendant at the time of his arrest in the Dominican Republic on November 16, 2021. On December 16, 2021, the Hon. Gabriel W. Gorenstein signed a warrant to search the Cellphone (the "Cellphone Warrant"). *See* Exhibit A.

    On or about December 20, 2021, FBI agents extracted the contents of the Cellphone, which extraction or "snapshot" is the only material available for review. Recently a taint team completed its review of the Cellphone extraction for potentially privileged material. As of approximately one month ago, FBI case agents received the non-privileged portion of that extraction. Those agents are in the process of reviewing the non-privileged portion of the extraction for Rule 16, *Brady*, and *Giglio* material.

    *First*, the defendant raises the concern that reviewing agents have real-time access to his emails on ▇▇▇▇@gmail.com, as well as text messages sent to the Cellphone. (Dkt. 59).[1] Those concerns are unfounded. As an initial matter, law enforcement agents are accessing only the extraction or "snapshot" of the Cellphone, completed in December 2021, rather than the phone itself. Furthermore, based on conversations with FBI case agents, as well as the Government's understanding of FBI search protocol, the Cellphone was set to "airplane mode" when it was seized from the defendant on or about November 16, 2021. The Cellphone has since been powered off without charge; it is being kept in an evidence vault. In other words, the Cellphone is not

---

[1] On or about January 20, 2021, the Hon. Stewart D. Aaron signed a warrant to search ▇▇▇▇@gmail.com, which e-mail account was "linked to" to the Cellphone. *See* Exhibit B.

receiving—and law enforcement agents have made no attempt to access—real-time emails or text messages.

*Second*, the Cellphone Warrant does not authorize law enforcement to review communications beyond December 16, 2021. *See* Exhibit A. Law enforcement agents reviewing the contents of the Cellphone have complied—and will continue to comply—with the search parameters of the Cellphone Warrant.

*Finally*, and as described in Exhibit A, the Cellphone is an instrumentality of, and contains evidence of, the charged offenses. The Government intends to introduce some of the contents of the Cellphone at trial and will use the Cellphone itself to authenticate those contents. Accordingly, the Government may maintain the Cellphone for the duration of the case against the defendant.

For the foregoing reasons, the defendant's application for the return of the Cellphone should be denied.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

by: _____
        Sarah L. Kushner
        Marguerite B. Colson
        Assistant United States Attorneys
        (212) 637-2676 | -2587

cc: Willie Dennis (by Email)
    Anthony Cecutti, Esq. (by ECF and Email)
    Kestine Thiele, Esq. (by ECF and Email)
    Josh Rothman, S.D.N.Y. Pretrial Services Officer (by Email)
    Charles Sweatt, M.D. Fl. Pretrial Services Officer (by Email)

By **July 29, 2022**, the Government shall file an additional letter addressing the legal standard for a motion to return property under Federal Rule of Criminal Procedure 41(g) and its application to Mr. Dennis's phone at this stage of the case.

So Ordered.

Dated: July 20, 2022
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**