

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 22, 2022

**BY ECF AND EMAIL**
The Honorable Lorna G. Schofield
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *United States v. Willie Dennis*, 20 Cr. 623 (LGS)

Dear Judge Schofield:

As directed by the Court in Orders dated July 15 and July 20, 2022 (Dkt. Nos. 61, 63), the Government respectfully submits this letter (1) regarding the status of its ongoing review of the defendant's electronic device/accounts and a date by which it will disclose all discovery material subject to that review, and (2) in further opposition to the defendant's application for the return of his cellphone.

   **A. Status of Discovery**

With respect to discovery, the Government has produced all Rule 16, *Brady*, and *Giglio* materials. Those materials include the *full* extractions of the defendant's cellphone and iCloud account, which were seized pursuant to search warrants. The defendant thus has access to the entire contents of that device and account. Separately, and pursuant to its search warrants, the Government is in the process of reviewing the cellphone and account for evidence covered by the search warrants. Because the defendant is an attorney and previously invoked a broad assertion of attorney-client privilege, it was necessary for a taint team for the Government to undertake a privilege review before the case agents and prosecutors were permitted to access the device and account. That privilege review was completed last month, and it took additional time for case agents and prosecutors to gain access to all that data for technical reasons. A case agent is currently undergoing a responsiveness review of that material, which is voluminous. On or about July 14, 2022, the case agent completed three fifths of the review of the defendant's iCloud account. At approximately 2:30 a.m., however, the review platform crashed and all of the work was lost. Accordingly, the case agent has had to restart her review of the iCloud account, which contains approximately 60GB of data. Moreover, the non-privileged data from the defendant's cellphone, which is approximately 50GB, still needs to be reviewed. The Government anticipates that this review of the iCloud account and cellphone will take several more weeks. But nothing about this review has delayed *the defendant's* access to evidence from his cellphone and iCloud account. He

has had a copy of the full extraction of his iCloud account since on or about December 22, 2021, and a copy of the full extraction of his cellphone since on or about January 18, 2022. Moreover, the Government anticipates that the identified data on the cellphone will overlap significantly with the communications produced from the victims' phones in this case. The defendant has had those messages since on or about January 18, 2022.

### B. The Defendant's Cellphone

Regarding the defendant's cellphone, the Government is entitled to keep that cellphone in evidence while this criminal case is ongoing. The Government is not required at this stage to return it under Federal Rule of Criminal Procedure 41(g) or otherwise. Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

To prevail on a Rule 41(g) motion, the defendant "must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005). The defendant, as the moving party, bears the burden of proving these three elements by a preponderance of the evidence. *United States v. Seabrook*, No. 16 Cr. 467 (AKH), 2021 WL 965772, at *2 (S.D.N.Y. Mar. 15, 2021); *see also*, *Sash v. United States*, No. 08 Civ. 450 (DC), 2009 WL 3007379, at *3 (S.D.N.Y. Sept. 22, 2009). The burden only shifts to the Government after the conclusion of trial. *Karron v. United States*, No. 12 Civ. 118 (RPP), 2012 WL 2105834, at *2 (S.D.N.Y. June 7, 2012).

The defendant has not met his burden here. There was no unlawful search and seizure. As discussed in its prior letter, dated July 19, 2022 (Dkt. No. 62), the Government obtained the defendant's cellphone pursuant to a lawfully issued search warrant. A copy of that warrant and the underlying application was attached to the July 19 letter as Exhibit A. As stated in the application for the warrant, which was approved by the Honorable Gabriel W. Gorenstein, the defendant's cellphone is contraband—indeed, it was the primary device that he used to send the harassing communications to the victims in this case. The cellphone was an instrumentality, and contains evidence, of the charged offenses. *See Sash*, 2009 WL 3007379, at *4 ("Courts have recognized two types of contraband: Contraband per se and derivative contraband. . . . The concept of derivative contraband is more expansive [than contraband per se], and includes 'things that are not ordinarily illegal, like guns, automobiles, ships, and currency, that become forfeitable because of their relationship with a criminal act.'" (internal citation omitted)); *see id.* (citing Ninth Circuit case affirming "the district court's denial of a 41(e) motion where a defendant convicted of extortion sought to have returned a typewriter, tapes, and photographs that were used as part of the crime").[1]

---

[1] Rule 41(e) subsequently became Rule 41(g).

      Moreover, the Government's need for the property as evidence has not ended. This case is still in the pretrial phase, and the Government's review of data from the cellphone is ongoing. The Government intends to introduce contents of the cellphone at trial and will use the cellphone itself to authenticate those contents. It is also important that the Government maintain the cellphone in evidence for chain of custody purposes. Accordingly, because the Government's need for the cellphone is ongoing, and will continue at least through trial, it may continue to maintain the cellphone in evidence. *See United States v. Chierchio*, No. 20 Cr. 306 (NGG), 2022 WL 523603, at *12 (E.D.N.Y. Feb. 22, 2022) (finding that because defendant's phone was seized legally, "it should not be returned pursuant to Rule 41(g) until such time as the government's need for the property has ended. . . . At this juncture, the government's search has not been completed, so its need has not yet ended."); *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 312 (S.D.N.Y. 2018); *United States v. Morgan*, 443 F. Supp. 3d 405, 410 (W.D.N.Y. 2020) (denying defendant's 41(g) motion in part because "[d]efendant ha[d] not established that his interest in his iPhone outweighs the government's evidentiary interest," and rejecting the defendant's arguments "that because the iPhone could contain personal information, he has a privacy interest in its return").

      For the foregoing reasons, at this time, the defendant's application for the return of the cellphone should be denied.

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney

by: _____
      Sarah L. Kushner
      Marguerite B. Colson
      Assistant United States Attorneys
      (212) 637-2676 | -2587

cc:    Willie Dennis (by Email)
        Anthony Cecutti, Esq. (by ECF and Email)
        Kestine Thiele, Esq. (by ECF and Email)