**Willie E. Dennis, Esq.**
646-509-6889
woc2020@gmail.com

July 13, 2022

The Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *U.S. v. Dennis*, 20 Cr. 623 (LGS), Demand for Discovery

Dear Judge Schofield,

I submit this request for discovery on behalf of Willie Dennis, pursuant to the Fifth and Sixth Amendments of the United States Constitution, Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the additional authority discussed below. This request encompasses materials currently in the Government's possession, custody, or control, as well as any materials that may come into the Government's possession, custody, or control on an on-going basis. For purposes of this request, the "Government" includes the U.S. Attorney's Office for the Southern District of New York, the New York Field Office of the Federal Bureau of Investigation, any federal, state, or local agency involved in any way in investigating the activities alleged in the Indictment or Complaint, and K&L Gates LLP ("KL Gates").

The federal cyberstalking statue criminalizes cybercommunication that is intended to create fear or intimidation. The statute, in the context of the First Amendment, cannot criminalize communications for either a reasonable purpose or otherwise protected speech. Therefore, any evidence of communication of such reasonable (including business) purpose or otherwise subject to First Amendment protection is exculpatory here.

The context of the emails on which my indictment is based will define their criminality. I will be deprived of any reasonable opportunity to defend myself unless I can present the context of my emails, which includes the misconduct of the Firm's small leadership group, which was not only violating my contractual rights but discriminating against me across several bases, and also subverting the rights and best interests of the Firm and its partners and employees. Statements regarding KL Gates turning a blind eye to sexual harassment set forth a basis to provide context that I was reaching out to try and alert partners for a reasonable purpose. *See e.g.*,

https://www.law.com/thelegalintelligencer/2018/12/12/at-kl-gates-women-alleged-misconduct-and-left-as-accused-partners-stayed-on/.

It is my position that as a partner of KL Gates, I was fulfilling my fiduciary obligations to inform other partners of KL Gates about activities and behavior of the small rogue leadership group which negatively impacted KL Gates' ability to adequately represent clients, and that contextual emails are both exculpatory in nature and necessary to my defense.

To develop the "context" of the emails on which my indictment is based I am seeking any and all material tending to prove the allegations contained in my complaint filed with the US Equal Employment Opportunity Commission on May 3, 2020 (which preceded the alleged harassing e-mails which KL Gates delivered to the Department of Justice) including but not limited to:

- KL Gates had systematically violated the partnership agreement in denying my rights to compensation;

- KL Gates had systematically violated applicable law, as well as the partnership in allowing conduct constituting sexual harassment by partners and senior management placing KL Gates at serious financial risk;

- KL Gates had systematically violated applicable law, as well as the partnership agreement in allowing conduct by partners and senior management constituting racial bias and discrimination against persons of color;

- KL Gates had systematically violated applicable law, as well as the partnership agreement in allowing conduct by partners and senior management constituting gender bias and discrimination;

- KL Gates did in a multiplicity of ways, violate the firm's partnership agreement by "terminating" me without the required process, preventing me from communicating with fellow partners regarding key firm issues, as described above, or from continuing to maintain client relationships that I had initiated, cultivated, and maintained;

- KL Gates had violated New York's legal ethical rules by communicating with my ex-wife, and her counsel, in a way that destroyed my ability to protect my position in post judgment enforcement proceedings.

The material I am seeking (for example, executive committees' minutes of KL Gates and related e-mails in connection with the activities described above) are created and maintained in the ordinary course of KL Gates' business. The failure of KL Gates to produce this easily accessible material, materially and adversely impairs my ability to defend myself and further condemns the behavior of KL Gates and the complaints KL Gates has alleged.

**Case Law and Internal Policies of the Department of Justice**

*Case Law*

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Court placed an affirmative obligation on the prosecution to provide exculpatory information to criminal defendants. In cases subsequent to *Brady*, the Supreme Court has eliminated the requirement for a defendant to request favorable information, stating that the Prosecution has a constitutional duty to disclose, that is triggered by the potential impact of favorable, but undisclosed evidence. *See Kyles v. Whitley*, 514 U.S. 419, 434 (1995) and *United States. v. Bagley*, 473 U.S. 667 (1985).

Due process requires that disclosure of exculpatory and impeachment evidence material to guilt or innocence be made in sufficient time to permit the defendant to make effective use of that information at trial. *See, e.g.*, *Weatherford v. Bursey*, 429 U.S. 545, 559 (1997) and *United States v. Farley*, 2 F.3d 645, 654 (6th Cir. 1993).

*Internal Policies of the Department of Justice*

Since *U.S. v. Theodore F. Stevens*, the Department of Justice has always adhered to the principle that providing a criminal defendant with exculpatory information as soon as it is requested is fundamental in maintaining public trust in our criminal justice system. (*See* statement by the former United States Attorney General **Eric Holder,** April 1, 2009. https://www.npr.org/2009/04/01/102589818/justice-dept-seeks-to-void-stevens-conviction (last visited July 12, 2022).

Moreover, Section 9-5.000 of the Manual of the Department of Justice (Updated January 2020) entitled "Issues Related to Discovery, Trials, and Other Proceedings" states:

> Under this policy, the government's disclosure will exceed its constitutional obligations. Thus, this policy encourages prosecutors to err on the side of disclosure in close questions of materiality and identifies standards that favor greater disclosure in advance of trial through the production of exculpatory information that is inconsistent with any element of any charged crime and impeachment information that casts a substantial doubt upon either the accuracy of any evidence the government intends to rely on to prove an element of any charged crime or that might have a significant bearing on the admissibility of prosecution evidence.

Consequently, any insistence by the Government that no potentially exculpatory material exists is inconsistent with the facts of this case, case law, and the internal policies of the Department of Justice.

As I continue to prepare my defense without any potentially exculpating material, my right to a fair trial, as guaranteed by the Article II of the Constitution of the United States and the Fourth, Fifth, and Sixth Amendments to the Constitution is being materially and adversely affected. This is very disturbing given the advantages that the Government already maintains in the case.

As a result of the foregoing, I am respectfully requesting that the Court order the Government to immediately provide or obtain all information requested in the requests attached below.

Thank you for taking the time to review and consider my requests.

Respectfully submitted,

    **Willie E. Dennis, Esq**
    **woc2020@gmail.com**
    **646-509-6889**
    **Admitted in New York, New Jersey and the District of Columbia since 1988**


cc:    AUSA Sarah Kushner (via e-mail)
       AUSA Marguerite Colson (via e-mail)
       Anthony Cecutti, Esq. (via e-mail)

* The sealed indictment dated October 28, 2020 states for example,

    "Between on or about September 4, 2019 and or at about September 20, 2019, DENNIS sent at least approximately 200 hundred written communications to victims and other Members of the Law Firm…" Indictment, Footnote 1.

During the same period, KL Gates committed, among others, the following acts of harassment against me.

   i.   **September 4, 2019 -** KL Gates sent two (2) /New York City Police Detectives from the 17th Precinct (next door to KL Gates' New York office) to my home, located in the 30th Precinct, at 10:30 pm in the evening to "warn" me not to send any more e-mails to the firm's attorneys. Although the officers stated that a complaint had been filed, they were unwilling to provide me with a copy of the complaint or the allegedly harassing e-mails. To date I still do not have a copy of the complaint.

   ii.  Between September 23, 2019 and September 27, 2019 KL Gates hired off-duty Chicago police officers to provide surveillance of me at a " women's" law conference being held at The Chicago Marriott Downtown. The surveillance of me was conducted despite assurances by the Managing Director of the Chicago Marriott Downtown, prior to and during the event, that the Chicago Marriott Downtown had (i) adequate existing security on the premises and (ii) after meeting me for breakfast (I am 5'6 inches tall, an officer of three courts, with no criminal record and never an owner of any weapon) that I posed no threat to anyone on the premises.

The disclosure material requested relating to just these two incidents (for example, the executive committee minutes and related e-mails of KL Gates authorizing the act of filing a complaint, the actual complaint and the hiring a surveillance agency) are created and maintained in the ordinary course of KL Gates business. The failure to produce these easily accessible reports materially and adversely impairs my ability to defend myself and further condemns the behavior of KL Gates and the complaints they have alleged.

In reviewing my requests, I also respectfully ask the Court to consider that on June 18, 2020 (more than 4 months prior to KL Gates "shopping" its alleged e-mail harassment complaints to the Department of Justice (October 2020), the District Attorney's Office of the City of New York under Cyrus Vance recognized the unethical attempts by KL Gates to have me incarcerated for KL Gates' financial benefits and dismissed similar charges. The District Attorney's Office of the City of New York also offered me the opportunity to pursue criminal charges against KL Gates.

In February of 2019, certain partners of KL Gates began providing information to ex-wife in connection with our divorce proceedings. The information was not requested pursuant to a subpoena and was delivered without my consent or knowledge. The response, if any, to the Subpoena Duces Tecum, dated March 27, 2019 issued by The Honorable Matthew Cooper, in the case of *Bailey v. Dennis*, requesting copies of the information provided was never responded to by KL Gates.

In regard to all of the above, it is the obligation of the Department of Justice to seek exculpatory and impeachment information from all federal, state and local law enforcement officers. *See Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

**Communication from the District Attorney Attorney's Office of the City of New York dated June 18, 2020.**

From: Garcia, Gloria <GarciaG@dany.nyc.gov>
To: 'Xavier Donaldson' <Xdonaldson@aol.com>
**Sent: Thu, Jun 18, 2020 2:36 pm**
Subject: RE: Willie Dennis

Mr. Donaldson,

Detective Toala checked the NYPD database and confirmed that the there is no open complaint against Mr. Dennis – the 61 referenced below was closed. Therefore, there should not be any issue with our office talking to Mr. Dennis directly if he has a complaint he wishes to bring to our attention. Of course, we're happy to go through you as well if you plan to stay involved.

Let me know if he in fact wants to make a complaint with us and we can schedule a call. I would likely bring in another ADA, as I'm in the Financial Frauds investigations bureau, and given my understanding of the nature of his complaint, it may be more appropriately handled by another unit of my office. However, I am happy to coordinate and sort that out once you let me know how Mr. Dennis would like to proceed.
Thank you


On December 12, 2021, less than 30 days after I became aware of the sealed indictment dated October 28, 2020, the Department of Justice delivered to me a list of individuals, presumably witnesses for the Department of Justice, to whom I was instructed not to have any contact with.

Two of the individuals on the list are Christopher P. Reynolds, Executive Vice President of Toyota North America and Kevin G. Chavers, Managing Director of BlackRock Toyota of North America and BlackRock are not current or former clients. My e-mail and phone records show that i have had no communications with Mr Reynolds since December of 2020 and with Mr Chavers since July of 2021.

Mr Reyonds, Mr Chavers and myself are all members of the same chantre (of the fraternity, Sigma Pi Phi, often referred to as the " Boule ". There are less than 35 active members in the chapter Moreover Mr Chavers is the first and only individual i ever sponsored for induction into the Boule

Given that Mr Reynolds and Mr Chavers have no connections to KL Gates or the alledged complaints of KL Gates I do not why Mr Reynolds and Mr. Chavers were included on the No

Contact list delivered by the Department of Justice.  My discovery requests include, among other things  any communications relating to U.S. v. Willie Dennis and Willie Dennis v. KL Gates  between and among ( i) Mr Reynolds and Mr Chavers  with (i) KL Gates, (iii) the Department of Justice
(Iii)  Bradford Smith, the President and Chief Legal Office of Microsoft, ( iv) John Thompson, the Chairman of Microsoft  and (v) any other parties  related to U. S. v. Willie Dennis or on the No Contact list.

Following **Brady**, the prosecutor must disclose evidence or information that would prove the innocence of the defendant or would enable the defense to more effectively impeach the credibility of government witnesses.

\*\* The Department of Justice already has  received more than a year longer than me to prepare for trial.  The " sealed "  indictment was handed down on **October 28, 2020,** without me ever being interviewed. I first learned of the indictment on **November 18, 2021**

Mr. Dennis's letter is construed as a motion to compel discovery and DENIED without prejudice.  The Government has already represented that it does not have documents responsive to similar requests Mr. Dennis previously made.  If Mr. Dennis has reason to believe that any such documents are in the Government's possession, custody or control -- including if Mr. Dennis has reason to believe documents in the possession of other law enforcement agencies are within the control of the Government -- then Mr. Dennis may file a motion to compel, stating the basis for that belief.

Any motion to compel Mr. Dennis files must show that Mr. Dennis has previously made the same request to the Government, that the Government did not produce the documents sought and that Mr. Dennis then discussed the request with the Government in an effort to resolve any dispute before seeking the Court's intervention.

Dated: July 29, 2022
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE