```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                           20 Cr. 623 (JSR)

WILLIE DENNIS,

               Defendant.
                                       Conference
------------------------------x

                                       New York, N.Y.
                                       August 15, 2022
                                       12:05 p.m.

Before:

                    HON. JED S. RAKOFF,

                                       District Judge

                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  SARAH L. KUSHNER
     STEPHANIE SIMON
     ALISON MOE
     Assistant United States Attorneys

WILLIE DENNIS (PRO SE)
     Attorney for Defendant

ANTHONY CECUTTI (STANDBY COUNSEL)
```

1                  (Case called)
2                  THE COURT:  This is Judge Rakoff.
3                  Would counsel, we'll begin with counsel for the
4      government, please identify themselves.
5                  MS. KUSHNER:  Good afternoon, your Honor.  Sarah
6      Kushner, Stephanie Simon, and Alison Moe for the government.
7                  THE COURT:  Good afternoon.
8                  Would the defendant please identify himself.
9                  THE DEFENDANT:  Good afternoon, your Honor.  Willie
10     Dennis.
11                 THE COURT:  Good afternoon.  And I understand there is
12     advisory counsel also on the phone.  Would he identify himself.
13                 MR. CECUTTI:  Good afternoon, your Honor.  This is
14     Anthony Cecutti.
15                 THE COURT:  Okay.  So we have a number of matters to
16     take up.  But first, I want to advise everyone, and
17     particularly the defendant since he's representing himself pro
18     se, that my individual rules will be strictly enforced.
19                 Now, obviously Mr. Dennis probably is not familiar
20     with my individual rules because he sent a number of emails to
21     my chambers which my courtroom deputy responded to by advising
22     him that I do not accept unsolicited emails.
23                 But then, Mr. Dennis, you sent another email or two
24     saying what you wanted to take up on this call.  That is an
25     unsolicited email.  It is strictly forbidden.  I appreciate

1  that you were trying to give me a heads-up as to what issues
2  you wanted to raise, but I don't have any exceptions to my
3  rules.  So I'm going to ask you immediately after we get off
4  the phone to read my individual rules so that you're fully
5  familiar with them.
6           And the most important one is the first one.  If you
7  read the first paragraph, you'll see that I do not permit any
8  form of written correspondence with the Court, except where I
9  previously so ordered it.  That includes letters, filings,
10 emails, whatever.
11          And even when I send an email, as my individual rules
12 indicate, that does not open the door to responsive emails.  My
13 emails would usually be simply informational, such as setting
14 up this call.
15          So communications with the Court are strictly
16 telephone calls that are joint telephone calls.  I will never
17 accept a telephone call where only one party is on the phone.
18 And all of this is set forth in great detail in my individual
19 rules.
20          So, Mr. Dennis, I'll ask you to familiarize yourself
21 as soon as we get off the phone with my individual rules which
22 are available on my website.
23          Understood?
24          THE DEFENDANT:  Yes, your Honor.  May I make one point
25 with respect to your rules?

1           THE COURT:  Sure.

2           THE DEFENDANT:  The way that this transpired, my
3    communication to you, was that there was a motion due on Friday
4    ordered by Judge Schofield.  I was not going to respond, and I
5    was not going to say anything because your rules had said, do
6    not file anything.  Do not communicate.  So I was going to wait
7    until Wednesday.

8           It was upon the advice of my counsel, Mr. Cecutti, who
9    said that I needed to respond and I needed to request an
10   extension that day and I needed to continue to work on -- if I
11   had further additional information by Monday.  So it was not
12   me.

13          THE COURT:  That's fine.  That's fine.  Thank you for
14   bringing that to my attention.  So I think -- and I'll let
15   Mr. Cecutti speak for himself in a minute.

16          I think he was concerned that nothing should be viewed
17   as a waiver.  So what he should have done, but he probably
18   doesn't have great familiarity with my rules either, was to on
19   Friday arrange a joint telephone conference.

20          By the way, the way these conferences are arranged
21   normally are not by me.  Either side who wants a telephone
22   conference, as is all set forth in my rules, calls his or her
23   adversary and says, I want to call the Court.  And under my
24   rules, the adversary has to make themselves available, worst
25   case, within 24 hours but, in the normal course, immediately.

1  And I'm sure the government would have been happy to make
2  themselves available, and we could have straightened this out
3  through a telephone call on Friday.
4             Nevertheless, I understand Mr. Cecutti was probably
5  trying to avoid any claim of waiver.  The bottom line is your
6  request for an extension is granted, and we'll discuss the
7  specific dates in a few minutes, so no waiver has occurred.
8             Now, the next thing was that I understand from
9  something my law clerk told me just before I got on the phone,
10 that you, Mr. Dennis, wanted to replace Mr. Cecutti or fire
11 Mr. Cecutti or something like that.  Maybe you can elaborate on
12 that.
13            THE DEFENDANT:  Well, I think that where we start off
14 with is that the advice that Mr. Cecutti gave me on Friday led
15 to my reprimand today.
16            THE COURT:  I didn't reprimand you.  I explained to
17 you the situation, and I was particularly forgiving because I
18 was little taken aback that, after my courtroom deputy told you
19 on Friday no emails, you still sent some emails saying what
20 today's discussion was going to be about.  But I accepted that
21 and took it favorably to you because I thought you were just
22 trying to give me a heads-up to what the conference would be
23 about.  Nevertheless, it was in direct contradiction to what my
24 courtroom deputy had just emailed you.
25            That's all past history.  None of that is in the form

1  of a reprimand. We're just getting on the right track now.

2  Here are your choices, just so you know. In my court, the

3  rules, including the rules of evidence, are strictly enforced.

4  So although you're a lawyer -- and I understand you're

5  not a litigator -- Mr. Dennis, it seems to me you are asking

6  for problems if you don't have Mr. Cecutti there to advise you

7  because if you ask an improper question, I may sustain an

8  objection.

9  And then in my hypothetical, if you follow it up with

10  a further improper question, then I will not only sustain the

11  objection but maybe say something in the way of a reprimand,

12  and it's not going to be a happy experience if you don't know

13  the rules of evidence, but maybe you do know the rules of

14  evidence for all I know.

15  But my suggestion is that you would be better off with

16  someone who can help you out in that regard. If you want to

17  fire him, that is your right. But you then run the risk that

18  if you don't abide by the rules of evidence or any other rules

19  promulgated by the United States that govern trial proceeding,

20  you run the risk of that will be often a reprimand.

21  Understood?

22  THE DEFENDANT: Yes, your Honor. I do understand.

23  THE COURT: Okay. So what's your preference?

24  THE DEFENDANT: Well, I guess my concern is I'm not

25  sure if Mr. Cecutti understands the rules well enough to guide

1  me through this process. As I pointed out from Friday's
2  conversation, I read the rules myself and got a different
3  interpretation, and that concerned me.
4              That was not the only one.  There was also a motion
5  that I filed on July 13 with the Court, a motion to compel
6  discovery, which Mr. Cecutti had recommended that I file.  He
7  recommended that I file two motions after our last hearing with
8  the Court which was an application for the return of my phone
9  and a motion to compel discovery.
10             After filing that motion to compel discovery, the
11 judge issued an order telling me that I need to file my demand
12 for discovery with the government first and then discuss it.
13 So I lost valuable time, and that was something I wouldn't have
14 known but I would have expected Mr. Cecutti would have known.
15 So those are just two examples.  There are more.
16             THE COURT:  You should understand that your
17 conversations with Mr. Cecutti, while you're free to tell me
18 about them, are privileged.  So you don't have to tell me about
19 any of them, if you don't want to, because they are protected
20 by attorney-client privilege.
21             But let me pause at this point and hear from
22 Mr. Cecutti.
23             MR. CECUTTI:  Your Honor, I don't know how much I can
24 disclose because, as your Honor just pointed out, my
25 communications with Mr. Dennis are protected communications.  I

1  will say I was appointed on June 28 as standby counsel with
2  Judge Schofield.
3          Since then, everyday I have worked to try and assist
4  Mr. Dennis, along with associate counsel who was also
5  appointed.  We have invested an enormous amount of time.  We've
6  offered, on countless occasions, to have phone calls with
7  Mr. Dennis, including trial strategy and preparation.  He has
8  more or less refused those efforts.
9          We've even offered to fly to Florida and consult with
10 him concerning preparation and trial strategy.  He has refused
11 that offering as well.  So we're trying to assist Mr. Dennis as
12 best we can, primarily over email, and there are certain
13 limitations to that.
14         THE DEFENDANT:  Your Honor, may I respond to that?
15 I --
16         THE COURT:  Excuse me.  I'm in charge of this
17 conference, not you, Mr. Dennis.
18         So, Mr. Cecutti, with respect to my rules, are you
19 familiar with my individual rules?
20         MR. CECUTTI:  Yes.  I've had a couple of other matters
21 with your Honor, and I am familiar with them.  I did stress the
22 importance of the requirement that communications with
23 your Honor must come by way of phone calls and by joint calls
24 with Mr. Dennis.
25         I did emphasize my concerns with him that the motions

1  in limine date of August 12 was coming up and, if he was going
2  to request an extension, that he needed to do so, not by way of
3  email but by way of a joint phone call with chambers first.
4  And then upon which, if he was given clearance to make that
5  application in writing, he could do so.  But that would only be
6  subject to your Honor's permission.
7            THE COURT:  And with respect to the other matter that
8  he raised a moment ago, apparently Judge Schofield felt there
9  had not been a meet-and-confer with the government about the
10 discovery request.
11           MR. CECUTTI:  I don't quite understand the issue that
12 Mr. Dennis has with respect to that.  I'd have to refer back to
13 the June 28 status conference transcript, but he had raised his
14 belief that he was entitled to various discovery items and was
15 given permission to make that application.
16           That application also included a *Brady* demand, and he
17 subsequently made that demand.  I was not involved in the
18 drafting of it.  He drafted the request, and he made the
19 motion.
20           THE COURT:  All right.  Now, Mr. Dennis, you wanted to
21 say something?
22           THE DEFENDANT:  Yes, your Honor.  I think, after
23 hearing Mr. Cecutti's response, I don't really want to get into
24 recriminations and an exchange of written documents that may
25 contradict some of the things he just said.

1          What I'd like the Court to consider is that -- I would
2    like to have counsel.  I just think, particularly after the
3    comment that Mr. Cecutti just made, that I would like the Court
4    to consider appointing different standby counsel for me.
5          THE COURT:  Well, I would consider that.  But the
6    problem with that is we have a trial date and new counsel of
7    course would need some time to get up to speed.
8          But here's what I will do.  I will arrange for our
9    Wednesday conference, which is in court at 11:00 a.m., for
10   there to be present Mr. Cecutti and also whoever is the CJA
11   counsel appointed for that date.
12         And I will then inquire of that counsel whether he or
13   she, in this limited role they're being asked to play, are able
14   to nevertheless get up to submission speed, meet the trial
15   schedule.  And that will impact whether I appoint new counsel
16   or not.
17         I have to say, Mr. Dennis, that from what I've heard
18   so far, it sounds to me like Mr. Cecutti was giving you good
19   advice, but it's not for me to say.  It's for you to say, and
20   it is your choice.
21         But what is not your choice is the trial date.  And so
22   we'll see what the availability is of whoever is the CJA
23   counsel on Wednesday, and I'll make sure that that person is
24   present.
25         Now, with respect to the other matters that you

1  raised, particularly the problems you're having with your
2  communication devices, I think that ought to be raised at some
3  length and in some detail at our conference on Wednesday.
4           So if you would please come prepared to detail
5  whatever your problems are, including any written evidence or
6  other exhibits you want to hand up.  I'll be happy to see them.
7  Be sure to share any written exhibits or any form of exhibits
8  with your adversary at least 24 hours in advance of the next
9  conference.  So I look forward to seeing you all very much on
10 Wednesday.
11          Is there anything else we need to take up today?
12          THE DEFENDANT:  I think we've covered everything.
13          MS. KUSHNER:  Your Honor, this is Sarah Kushner for
14 the government.  I just want to confirm that Wednesday's
15 conference is in person before your Honor.
16          THE COURT:  Yes.
17          Now, Mr. Dennis, you are located currently in Florida?
18          THE DEFENDANT:  Yes, I am, your Honor.
19          THE COURT:  So are you planning to come up here?
20 What's your plan in that regard?
21          THE DEFENDANT:  Yes.  I will be there in court on
22 Wednesday.
23          THE COURT:  Excellent. Much appreciated. Okay. Real
24 good.  I think we're moving forward in the right direction, and
25 I'll see you all on Wednesday at 11:00.  Thanks very much.

1  Bye-bye.
2          THE DEPUTY CLERK:  That's Wednesday at 11:00 a.m.,
3  Courtroom 14B as in bravo.
4          MS. KUSHNER:  Thank you.
5          THE DEFENDANT:  Thank you.
6          MR. CECUTTI:  Thank you.
7          (Adjourned)