UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

WILLIE DENNIS,

Defendant.

20 Cr. 623 (JSR)

## THE GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007

Sarah L. Kushner
Stephanie Simon
Kimberly Ravener
Assistant United States Attorneys
        *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.

WILLIE DENNIS,

            Defendant.

20 Cr. 623 (JSR)

## THE GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

Table of Contents

General Requests ........................................................................................................... 1

Defendant's Self-Representation ................................................................................... 3

The Indictment .............................................................................................................. 4

Summary Of Indictment ............................................................................................... 5

Multiple Counts ............................................................................................................ 6

Counts One, Two, and Four: Cyberstalking – The Statute ......................................... 7

Counts One, Two, and Four: Cyberstalking – The Elements ..................................... 8

Counts One, Two, and Four: Cyberstalking – First Element (Interstate Commerce).................. 9

Counts One, Two, and Four: Cyberstalking – Second Element (Course Of Conduct) ............ 10

Counts One, Two, and Four: Cyberstalking – Third Element (Intent) ..................................... 12

Counts One, Two, and Four: Cyberstalking – Fourth Element (Substantial Emotional Distress) ................................................................................................................... 14

Aiding and Abetting..................................................................................................... 16

Venue ........................................................................................................................... 18

Time Of Offense .......................................................................................................... 20

Stipulations .................................................................................................................. 21

Defendant's Testimony ................................................................................................ 22

Defendant's Right Not To Testify ............................................................................... 23

Character Testimony .................................................................................................... 24

Uncalled Witnesses – Equally Available To Both Sides ............................................ 25

Particular Investigative Techniques Not Required ..................................................... 26

Preparation Of Witnesses............................................................................................ 27

Charts and Summaries – Not Admitted As Evidence ................................................. 28

Charts and Summaries – Admitted As Evidence......................................................... 29

Evidence From Searches And Seizures ...................................................................... 30

Similar Acts – Intent, Knowledge, Absence Of Mistake ........................................... 31

Government Employee Witnesses ............................................................................... 32

Redaction Of Evidentiary Items.................................................................................. 33

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters.  The Government also respectfully requests that, where appropriate, the Court modify its standard instructions to reflect the defendant's self-representation at trial.  *See, e.g.*, *United States v. Avenatti*, No. 19 Cr. 374 (JMF) (S.D.N.Y. 2022) (transcript of Court's jury instructions, reflecting amendment to instruction on what is and is not evidence to address defendant's *pro se* status).

      a.      Role Of The Court And Jury

      b.      Jury's Recollection Governs

      c.      Note-Taking By Jurors

      d.      Burden Of Proof And Presumption Of Innocence

      e.      Reasonable Doubt

      f.      Government Treated Like Any Other Party

      g.      Motions, Objections, And Questions By The Court

      h.      Indictment Not Evidence

      i.      Duty To Weigh Evidence Without Prejudice

      j.      Direct And Circumstantial Evidence

      k.      Circumstantial Evidence Of Knowledge, Willfulness, And Intent

      l.      Inferences

      m.      Statements Of Court And Counsel Not Evidence

      n.      Improper Considerations

      o.      Credibility Of Witnesses

      p.      Each Count To Be Considered Separately

q.    Verdict On Each Count Must Be Unanimous

r.    Sympathy: Oath As Jurors

s.    Punishment Is Not To Be Considered By The Jury

t.    Right To See Exhibits And Have Testimony Read During Deliberations

## REQUEST NO. 2

### Defendant's Self-Representation

The defendant has decided to represent himself in this trial and to not use the services of a lawyer. A criminal defendant has a constitutional right under the Sixth Amendment to the United States Constitution to represent himself. The defendant's decision to exercise that right and represent himself has no bearing on whether he is guilty or not guilty and it must not affect your consideration of the case. You are not to draw any inferences from the defendant's decision to exercise his right to represent himself.

Because the defendant has decided to act as his own lawyer, you have heard him speak at various times during the trial, such as during his opening statement and closing argument, questions of witnesses, and objections. I want to remind you that when the defendant spoke in those parts of the trial, he was acting as a lawyer in the case, not as a witness, and thus his words are not evidence. The only evidence in this case is the testimony of witnesses under oath and exhibits that have been admitted into evidence.

> Adapted from Hon. Jesse M. Furman, Jury Charge, *United States v. Schulte*, No. 17 Cr. 548 (S.D.N.Y. 2022); Eighth Circuit Pattern Criminal Jury Instruction 2.23.

**REQUEST NO. 3**

**The Indictment**

The defendant, WILLIE DENNIS, has been formally charged in what is called an Indictment. An Indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of the defendant's guilt. It creates no presumption, and it permits no inference that the defendant is guilty. You are to give no weight to the fact that an Indictment has been returned against the defendant.

I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each charged offense.

**REQUEST NO. 4**

**Summary Of Indictment**

The Indictment contains three counts, or "charges."  Each count charges the defendant with cyber-stalking a particular victim by engaging in a campaign of harassment, intimidation, and threats against each of them, in violation of Title 18, United States Code, Sections 2261A(2)(B) and 2.

Count One charges the defendant with cyber-stalking John Bicks—referred to as "Victim-1" in the Indictment—from at least in or about 2018, up to and including in or about 2020.

Count Two charges the defendant with cyber-stalking Eric Cottle—referred to as "Victim-2" in the Indictment—in or about 2019.

Count Four charges the defendant with cyber-stalking Calvina Bostick—referred to in the Indictment as "Victim-4"—from at least in or about 2019, up to and including in or about 2020.

The indictment in this case contains three counts against the defendant, labeled as Count One, Count Two, and Count Four.  I will, for convenience, refer to each charge by count or by its number as it appears in the Indictment.  So just to be clear, we have no Count Three—just Counts One, Two, and Four, and we just followed the numbers in the Indictment to avoid any confusion.

## REQUEST NO. 5

### Multiple Counts

As I just indicated, the Indictment contains a total of three counts.  Each count constitutes a separate offense or crime.  You must consider each count of the Indictment separately, and you must return a separate verdict on each count in which the defendant is charged.

> Adapted from Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 3-6 (2020).

## REQUEST NO. 6

### Counts One, Two, and Four: Cyberstalking – The Statute

As I just explained, each of the three counts of the Indictment charges that the defendant stalked a particular victim, in violation of Title 18, United States Code, Sections 2261A(2)(B) and 2. That statute states in relevant part that whoever:

> (2) with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that—

> …

> (B) causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to [that person, an immediate family member of that person, or a spouse or intimate partner of that person,]

is guilty of a crime.

**REQUEST NO. 7**

**Counts One, Two, and Four: Cyberstalking – The Elements**

Counts One, Two, and Four have the same elements.  In order to find the defendant guilty of the crimes charged in each of those three counts, the Government must prove each of the following elements beyond a reasonable doubt:

(1) that during the time periods charged in the Indictment, the defendant used a facility of interstate commerce to;

(2) engage in a course of conduct;

(3) with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate the alleged victim—namely, John Bicks, Eric Cottle, and Calvina Bostick; and

(4) which caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to the alleged victim, a spouse or intimate partner of the alleged victim, or any member of the alleged victim's immediate family.

> Adapted from Hon. Denise L. Cote, Jury Charge, *United States v. Torres*, No. 20 Cr. 608 (S.D.N.Y. 2021); *see also* Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 63-21 (2020).

8

## REQUEST NO. 8

**Counts One, Two, and Four: Cyberstalking – First Element (Interstate Commerce)**

The first element that the Government must prove beyond a reasonable doubt is that the defendant used the mail, any interactive computer service, or electronic communication service or system, or any other facility of interstate or foreign commerce.

I instruct you that the telephone and internet are facilities of interstate commerce. A defendant's use of a telephone network during the course of his crime satisfies this element even if the defendant made only intrastate communications using the telephone network.

I further instruct you that an "interactive computer service" is any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions.

An "electronic communication service" is any service that provides users the ability to send or receive wire or electronic communications.

An "electronic communication system" is any wire, radio, electromagnetic, photo-optical or photo-electronic facility for the transmission of wire or electronic communications, and any computer facility or related electronic equipment for the electronic storage of such communications.

> Adapted from Hon. Denise L. Cote, Jury Charge, *United States v. Torres*, No. 20 Cr. 608 (S.D.N.Y. 2021); *see also United States v. Perez*, 414 F.3d 302, 304-05 (2d Cir. 2005) (use of telephone network during commission of crimes satisfies jurisdictional element); *United States v. Torres*, No. 20 Cr. 608 (DLC), 2021 WL 1947503, at *3 (S.D.N.Y. May 13, 2021) (allegation that defendant had "used a cellular telephone during the crimes charged in the indictment" by sending text messages sufficient to satisfy jurisdictional element); Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 63-23 (2020).

9

## REQUEST NO. 9

**Counts One, Two, and Four: Cyberstalking – Second Element (Course Of Conduct)**

The second element that the Government must prove beyond a reasonable doubt is that the defendant engaged in a course of conduct.

"Course of conduct" means a pattern of conduct composed of two or more acts, evidencing a continuity of purpose.

In this case, you may consider each electronic communication, text message, telephone call, or other act by the defendant towards John Bicks (as to Count One), Eric Cottle (as to Count Two), or Calvina Bostick (as to Count Four) to be a separate act. Each use of a telephone or the internet constitutes a separate act. One telephone call or email, however, cannot constitute multiple acts.

In order to find the defendant guilty, you must unanimously agree that the Government has proven beyond a reasonable doubt that the defendant engaged in a course of conduct directed at the alleged victim of each charged Count. The Government is not required to prove that any specific communication or act made up the course of conduct. In other words, while you are required to unanimously agree that the defendant engaged in two or more acts evidencing a continuity of purpose in order to find him guilty of the crime charged in each Count, you do not have to agree unanimously on which two or more acts constitute the course of conduct.

> Adapted from Hon. Denise L. Cote, Jury Charge, *United States v. Torres*, No. 20 Cr. 608 (S.D.N.Y. 2021); *see also* Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 63-24 (2020); 18 U.S.C. § 2266 (defining "course of conduct"); *see also United States v. Ackell*, 907 F.3d 67, 79 (1st Cir. 2018) ("The most natural reading of the statute suggests that the relevant element is the existence of a course of conduct. The specific two-plus acts comprising that course of conduct are, in turn, the sort of 'brute facts' for which unanimity is not required."); *United States v. Jordan*, 591 F. Supp. 2d 686 (S.D.N.Y. 2008) (upholding jury instruction that defined "course of conduct" as "a pattern of conduct composed of two or more acts, evidencing a continuity of purpose," and informed the jury that "[e]ach use of the

telephone constitutes a separate act," but "one telephone call cannot constitute multiple acts, such as the 'act' of locating the telephone number and then, separately, the 'act' of dialing the number") (citation omitted).

**REQUEST NO. 10**

**Counts One, Two, and Four: Cyberstalking – Third Element (Intent)**

The third element that the Government must prove beyond a reasonable doubt is that the defendant engaged in a course of conduct with the intent to kill, injure, harass, intimidate, or place under surveillance with the intent to kill, injure, harass, or intimidate either the alleged victim of the charged Count (John Bicks, Eric Cottle, or Calvina Bostick), or an immediate family member thereof, or a spouse or intimate partner thereof.

A person acts knowingly and intentionally if a person acts purposely and deliberately and not because of a mistake or accident, mere negligence or any other innocent reason. That is, the acts must be the product of an individual's conscious objective.

Direct proof of a person's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

The words to kill, injure, harass, or intimidate have their ordinary meanings.

To "harass" means to annoy or bother someone in a constant or repeated way; to annoy persistently; or to create an unpleasant situation for someone, especially by uninvited and unwelcome verbal or physical conduct.

To "intimidate" means to make timid or fearful; to frighten; to compel; or deter by or as if by threats.

The term "immediate family member" includes a child, spouse, parent, brother, or sister.

The term "spouse or intimate partner" means a husband or wife, a former husband or

wife, a person with whom the alleged victim shares a child, or a person with whom, at the time

of the alleged offense or in the past, the alleged victim cohabited like they were husband and

wife.

> Adapted from Hon. Denise L. Cote, Jury Charge, *United States v. Torres*, No. 20 Cr. 608 (S.D.N.Y. 2021); *see also* Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 63-24 (2020); Merriam-Webster (online version), *available at* https://www.merriam-webster.com/dictionary/harass#:~:text=%3A%20to%20annoy%20or%20bother%20(someone,the%20English%20Language%20Learners%20Dictionary (defining "harass") and https://www.merriam-webster.com/dictionary/intimidate (defining "intimidate").

## REQUEST NO. 11

### Counts One, Two, and Four: Cyberstalking – Fourth Element (Substantial Emotional Distress)

The fourth element that the Government must prove beyond a reasonable doubt is the defendant's course of conduct caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to either the alleged victim of the charged Count (John Bicks, Eric Cottle, or Calvina Bostick), or to an immediate family member thereof, or to a spouse or intimate partner thereof.

"Substantial emotional distress" has its ordinary meaning. It means mental distress, mental suffering, or mental anguish, and includes anxiety, worry, fright, humiliation, shame, embarrassment, shock, indignity, grief, dejection, or physical pain.

In order for you to find that the defendant engaged in a course of conduct that would be reasonably expected to cause substantial emotional distress, the Government must prove that the course of conduct would have caused substantial emotional distress to a reasonable person.

I will now instruct you on the law of attempt.

The defendant may also be guilty of the charged crimes if he attempted to cause substantial emotional distress to a victim, their immediate family member, or their spouse/intimae partner. In order for you to find that the defendant's course of conduct attempted to cause substantial emotional distress, you must find that the defendant took some action which was a substantial step toward causing substantial emotional distress. In determining whether the defendant's actions amounted to a substantial step, you must distinguish between mere preparation on the one hand and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense or devising, obtaining, or arranging the means for its commission, is, without more, not an attempt, although some preparations may

14

amount to an attempt.  The acts of a person who intends to commit a crime constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

There is no requirement that the attempt be successful.  Therefore, if you find that the defendant engaged in a course of conduct that either attempted to cause substantial emotional distress or that would be reasonably expected to cause substantial emotional distress, you do not need to further find that the alleged victim of the charged Count, or an immediate family member, spouse, or intimate partner thereof, actually suffered substantial emotional distress in order for the defendant to be found guilty.

However, if you do find that the alleged victim of the charged Count, or an immediate family member, spouse, or intimate partner thereof, actually suffered substantial emotional distress, that alone satisfies this element.

> Adapted from Hon. Denise L. Cote, Jury Charge, *United States v. Torres*, No. 20 Cr. 608 (S.D.N.Y. 2021); Hon. Sidney H. Stein, Jury Charge, *United States v. Hossain*, No. 19 Cr. 606 (S.D.N.Y. 2021); Hon. Lewis A. Kaplan, Jury Charge, *United States v. Al Fawwaz*, No. 98 Cr. 1023 (LAK) (S.D.N.Y. 2015); Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. Instr. 10-1, 63-24, 63-25 (2020).

## REQUEST NO. 12

### Aiding and Abetting

Even if you find that the defendant did not cyberstalk the victims charged in the Indictment, you may still find him guilty of Counts One, Two, and Four of the Indictment based on an aiding and abetting theory of liability. Aiding and abetting is a theory of liability that permits a person to be convicted of a specific crime if the person, while not himself physically committing the crime, assists another person or persons in committing the crime.

The federal aiding and abetting statute, Section 2(a) of Title 18 of the United States Code, provides that: "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal."

You should give these words – aids, abets, counsels, demands, induces, or procures – their ordinary meaning. A person aids or abets a crime if he knowingly does some act for the purpose of aiding or encouraging the commission of that crime with the intention of causing the crime to be committed. To counsel means to give advice or recommend. To induce means to lead or move by persuasion or influence as to some action or state of mind. To procure means to bring about by unscrupulous or indirect means. To cause means to bring something about, to effect something.

In other words, it is not necessary for the Government to show that a person physically committed a crime in order for him to be held legally responsible for that crime. You may find that the defendant committed the substantive crime if you find that the Government has proven beyond a reasonable doubt that another person actually committed the crime and that the defendant aided and abetted that person in the commission of the offense.

To determine whether the defendant aided and abetted the commission of the crimes charged in Counts One, Two, and Four, ask yourself these questions:

16

Did the defendant participate in the crime charged as something he wished to bring

about?

Did the defendant associate himself with the criminal venture knowingly and willfully?

Did the defendant seek, by his actions, to make the criminal venture succeed?

If so, then the defendant is an aider and abettor and, therefore, guilty of the offense

charged in that Count.

Adapted from Hon. J. Paul Oetken, Jury Charge, *United States v. Matthews*,
No. 18 Cr. 124 (Sept. 24, 2018).

## REQUEST NO. 13

### Venue

In addition to all of the elements I have described to you on each of the three counts in the Indictment, you must also consider the issue of venue and decide whether any act in furtherance of the crime charged in each count took place in the Southern District of New York. The Southern District of New York includes all of Manhattan, the Bronx, and Westchester County. Therefore, anything that occurred in any of those places took place in the Southern District of New York. It is sufficient to satisfy this venue requirement if any part of the crimes charged occurred within the Southern District of New York. For example, a telephone call made or a text message sent from or received in the Southern District of New York is sufficient to establish venue as long as the defendant used the telephone call or the text message to further the charged offense in some way.

On this issue of venue, and on this issue alone, the Government need not prove it beyond a reasonable doubt. Rather, the Government only needs to prove venue by a preponderance of the evidence. A preponderance of the evidence means that something is more likely than not. Therefore, the Government has sufficiently proved venue if you conclude that it is more likely than not that any act in furtherance of each crime you are considering occurred within the Southern District of New York.

> Adapted from Hon. Denise L. Cote, Jury Charge, *United States v. Torres*, No. 20 Cr. 608 (S.D.N.Y. 2021); Hon. Richard J. Sullivan, Jury Charge, *United States v. Mercedes*, 10 Cr. 74 (S.D.N.Y. 2017); Hon. Alvin K. Hellerstein, *United States v. Kloszweski*, Jury Charge, No. 16 Cr. 200 (S.D.N.Y. 2017); Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 3-11 (2020); *see also United States v. Gonzalez*, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (venue governed by a preponderance standard); *United States v. Canfield*, 758 F. App'x 51, 56 (2d Cir. 2018) (text message by government actor from inside the district to out-of-district defendant sufficient to establish venue, where text message furthered the conspiracy); *United States v. Lange*, 834 F.3d 58, 72 (2d Cir. 2016) (coconspirators' calls and emails

directed at individuals in the district sufficient to establish venue); *United States* v. *Rommy*, 506 F.3d 108, 121-22 (2d. Cir. 2007) ("a telephone call placed by a government actor within a district to a conspirator outside the district can establish venue within the district provided the conspirator uses the call to further the object of the conspiracy."); *United States v. Naranjo*, 14 F.3d 145, 147 (2d Cir. 1994) ("phone calls from one district into another can establish venue in the latter district so long as they further the ends of the conspiracy").

**REQUEST NO. 14**

**Time Of Offense**

Each Count of the Indictment alleges an approximate date range or time period.  I instruct you that it does not matter if the offense is alleged to have occurred on or about a certain date but the evidence you have heard during the trial indicates that in fact it was a different date.  The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

It is sufficient if you find that the charged conduct that you are considering occurred around the dates set forth in the Indictment.

> Adapted from Hon. Katherine B. Forrest, Jury Charge, *United States v. Morales*, No. 15 Cr. 879 (S.D.N.Y. 2017); Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 3-12 (2020).

## REQUEST NO. 15

### Stipulations

*[If applicable]*

Stipulations were entered into relating to various facts in this case.  A stipulation is an agreement between parties as to what certain facts were or what the testimony would be if certain people testified before you.  The stipulations are the same for your purposes as the presentation of live testimony. You should consider the weight to be given such evidence just as you would any other evidence.

> Adapted from Hon. Jesse M. Furman, Jury Charge, *United States v. Schulte*, No. 17 Cr. 548 (S.D.N.Y. 2022); Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 5-6, 5-7 (2020).

**REQUEST NO. 16**

**Defendant's Testimony**

*[Only if the defendant testifies]*

[*The Government respectfully requests that the Court include the following instruction in its general instruction on witness credibility, rather than as a separate instruction*:]

As you saw, the defendant took the witness stand and testified at trial. He was subject to cross-examination. I have already instructed you on how you should evaluate the credibility of the witnesses you have heard in this case. You should evaluate the defendant's testimony the same way that you evaluate the testimony of the other witnesses in this case.

> *United States v. Gaines*, 457 F.3d 238, 240 (2d Cir. 2006) ("[W]e find error in the instruction that the defendant's interest in the outcome of the case created a motive to testify falsely, and we prohibit the use of such instructions in future trials. We also express our disapproval of instructions that highlight a testifying defendant's deep personal interest in the outcome of a trial. We recommend that a witness's interest in the outcome of the case be addressed in the court's general charge concerning witness credibility; if the defendant has testified, the trial court should tell the jury to evaluate the defendant's testimony in the same way it judges the testimony of other witnesses.").

**REQUEST NO. 17**

**Defendant's Right Not To Testify**

*[If requested by defense]*

The defendant did not testify.  Under our Constitution, a defendant is presumed

innocent and has no obligation to testify or to present any other evidence because, as I have

told you, it is the Government's burden to prove the defendant guilty beyond a reasonable

doubt.  That burden remains on the Government throughout the entire trial and never shifts to

the defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No

adverse inference against the defendant may be drawn by you because the defendant did not

take the witness stand.  You may not consider this in any way in your deliberations in the jury

room.

> Adapted from Hon. Jesse M. Furman, Jury Charge, *United States v. Schulte*,
> No. 17 Cr. 548 (S.D.N.Y. 2022); *see also* Sand, *et al.*, *Modern Federal Jury
> Instructions*, Instr. 5-21 (2020).

**REQUEST NO. 18**

**Character Testimony**

*[If Applicable]*

The defendant has called witnesses who have given their opinion of the defendant's character.

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's reputation for [*honesty, truthfulness, and peacefulness -- to be completed as appropriate*] when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crimes charged.

> Adapted from Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 5-15 (2020); and from the charge in *United States v. Pujana- Mena*, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).

**REQUEST NO. 19**

**Uncalled Witnesses – Equally Available To Both Sides**

[*If applicable: One or more of the attorneys has referred to their absence from the trial.*]

There are people whose names you heard during the course of the trial but who did not appear to testify.

I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

> Adapted from Hon. Jesse M. Furman, Jury Charge, *United States v. Schulte*, No. 17 Cr. 548 (S.D.N.Y. 2022); Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 6-7 (2020).

**REQUEST NO. 20**

**Particular Investigative Techniques Not Required**

You have heard reference to certain investigative techniques that were used or not used by the Government in this case.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.

Adapted from Hon. Jesse M. Furman, Jury Charge, *United States v. Schulte*, No. 17 Cr. 548 (S.D.N.Y. 2022); Hon. Denise L. Cote, Jury Charge, *United States v. Morales*, No. 11 Cr. 29 (S.D.N.Y. 2011); Hon. Laura Taylor Swain, Jury Charge, *United States v. Solano*, No. 05 Cr. 563 (S.D.N.Y. 2010); *see also* Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 4-4 (2020).

**REQUEST NO. 21**

**Preparation Of Witnesses**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

You may consider that fact when you are evaluating a witness's credibility.  But I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from Hon. Jesse M. Furman, Jury Charge, *United States v. Schulte*,
> No. 17 Cr. 548 (S.D.N.Y. 2022).

**REQUEST NO. 22**

**Charts and Summaries – Not Admitted As Evidence**

*[If Applicable]*

There have been a number of summary charts and exhibits that were shown to you but not admitted into evidence. At the time they were shown to you, I noted this fact to you. For these charts and exhibits that were not admitted into evidence, they serve merely as summaries and analyses of testimony and documents in the case and are here to act as visual aids for you. It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts. To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

> Adapted from Hon. Jesse M. Furman, Jury Charge, *United States v. Schulte*, No. 17 Cr. 548 (S.D.N.Y. 2022); Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 5-13 (2020).

**REQUEST NO. 23**

**Charts and Summaries – Admitted As Evidence**

*[If Applicable]*

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries.  For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence.

> Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 5-12 (2020); *see also* Fed. R. Evid. 1006.

**REQUEST NO. 24**

**Evidence From Searches And Seizures**

You have heard testimony about evidence that was seized and about various searches, including searches of electronic devices and electronic service providers.  Evidence obtained from those searches was properly admitted in this case and may be properly considered by you. Indeed, such searches are entirely appropriate law enforcement actions.

Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations because I instruct you that the government's use of the evidence is lawful. You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.  Once again, however, it is for you to decide what weight, if any, to give this evidence.

Adapted from Hon. Jesse M. Furman, Jury Charge, *United States v. Schulte*, No. 17 Cr. 548 (S.D.N.Y. 2022).

## REQUEST NO. 25

### Similar Acts – Intent, Knowledge, Absence Of Mistake

*[If Applicable]*

The Government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar in nature to the conduct charged in the Indictment. Let me remind you that the defendant is on trial only for committing the acts alleged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendant committed the crime charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. This evidence was admitted for a more limited purpose, and you may consider it for that purpose only.

If you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally, and not because of some mistake, accident, or other innocent reasons.

Nevertheless, the evidence of similar conduct is to be considered by you only on the issues I have just mentioned, and not on any other issues. You may not consider such evidence for any other purpose. Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crime.

> Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 5-25, 5-26 (2020); *see also United States v. Brand*, 467 F.3d 179 (2d Cir. 2006) (rejecting challenge to jury instruction "drawn almost verbatim from the model language of the *Sand* federal charge").

31

**REQUEST NO. 26**

**Government Employee Witnesses**

*[If Applicable]*

You have heard testimony from employees of the Government.  The law is that the testimony of a witness who is or was employed by the Government is not, by virtue of the witness's position, deserving of more or less consideration or greater or lesser weight than that of any other witness, and the testimony of such a witness should not be regarded as more or less truthful or accurate than that of any other witness simply based on the witness's employment.

> Adapted from Hon. Cathy Seibel, Jury Charge, *United States v. Madonna*, No. 17 Cr. 89 (S.D.N.Y. 2019); *see also* Sand, *et al.*, *Modern Federal Jury Instructions*, Instr. 7-16 (2020).

**REQUEST NO. 27**

**Redaction Of Evidentiary Items**

[*If applicable*]

We have, among the exhibits received in evidence, some documents that are redacted.

"Redacted" means that part of the document or tape was taken out.  You are to concern yourself

only with the part of the item that has been admitted into evidence.  You should not consider any

possible reason why the other part of it has been deleted.

> Adapted from Hon. Jesse M. Furman, Jury Charge, *United States v. Schulte*, No. 17 Cr. 548 (S.D.N.Y. 2022); Hon. Richard J. Sullivan, Jury Charge, *United States v. Nina*, No. 12 Cr. 322 (S.D.N.Y. 2013).

**REQUEST NO. 28**

**CONCLUSION**

Members of the jury, that concludes my substantive instructions on the law. You are about to go into the jury room to begin your deliberations.

Before you begin to deliberate, I want to remind you that you must be guided solely by the evidence in the case. The question you must ask yourselves as you consider and analyze the evidence is this: where do I find the truth? The only triumph in any case is whether or not the truth has come out and been found. If it has, then justice will have been done; if it has not, justice will not have been done.

You are to determine the guilt or lack of guilt of the defendant based solely upon the evidence and subject to the law as I have instructed you on that law, whether you agree or disagree with that law.

If during your deliberations you want to see any of the exhibits, you may request to see them and we will either send them into the jury room or we will bring you back out to the courtroom to see them. If you want any of the testimony read back, you can also ask for that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony. If you want any further explanation of the law as I have explained it to you, you may also request that from the Court. If there is any doubt or question about the meaning of any part of this charge, you should send me a note asking for clarification or for a further explanation. Any communications with the Court, including any requests to see an exhibit or have testimony read back, should be made to me in writing, signed by your foreperson, and given to one of the marshals. Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Many of you have taken notes periodically throughout this trial. I want to emphasize to

34

you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence in the determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. Any difference between one juror's recollections and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record, rather than any juror's notes, upon which the jury must base its determination of the facts and its verdict.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the Government met its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex, or age. The parties in this case are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous. It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you

must decide the case for yourself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

You should, by your own vote, select one of you to sit as your foreperson.  The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

We have prepared a verdict form for you to use in recording your decisions.  After you have reached a verdict, the foreperson should fill in the verdict form, sign and date it, and then give a note to the marshal outside your door stating that you have reached a verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the verdict form, and hand it to us in open court when you are all called in.  If you are divided, do not report how the vote stands.

I will stress again that each of you must be in agreement with the verdict that is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, Ladies and Gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

Dated: New York, New York
        October 4, 2022

                              Respectfully submitted,
                              DAMIAN WILLIAMS
                              United States Attorney

                    By:     _____

                              Sarah L. Kushner
                              Stephanie Simon
                              Kimberly Ravener
                              Assistant U.S. Attorneys